IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETE ROBERT ROMERO,

    Plaintiff,

vs.                                                                             No. CIV 23-1145 JB/DLM

BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF BERNALILLO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his civil rights case. Plaintiff Pete Robert Romero commenced this case on August 31, 2023, by filing his civil Complaint to Recover Damages for Injury, filed December 22, 2023 (Doc. 1-1)("Complaint"), in the Second Judicial District Court, Bernalillo County, New Mexico. Defendant Board of County Commissioners for the County of Bernalillo removed the case to the Court on December 22, 2023. See Notice of Removal, filed December 22, 2023 (Doc. 1). The Honorable Damian L. Martínez, United States Magistrate Judge for the United States District Court for the District of New Mexico, entered an Order to Show Cause, filed April 15, 2024 (Doc. 10)("Show Cause Order"), requiring Romero to notify the Court of his new address by May 15, 2024. Show Cause Order at 1. Romero has not responded to the Show Cause Order, and the deadline has now passed. Having reviewed applicable law and the record, the Court dismisses this case without prejudice.

## BACKGROUND

The Court referred the matter to Magistrate Judge Martínez for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner

Cases, entered January 5, 2024 (Doc. 9).  When he commenced this case, Romero was incarcerated in the Metropolitan County Detention Center ("MDC") in Albuquerque, New Mexico.  See Complaint at 1.  A search of MDC's website on April 15, 2024, shows that Romero is no longer in custody there.  Show Cause Order at 1.  As Romero had not updated his address, Magistrate Judge Martínez set a thirty-day deadline by which time Romero must update his address to avoid dismissal of this case without prejudice.  Show Cause Order at 1.  See D.N.M. LR-Civ. 83.6.  Romero did not comply with or otherwise respond to the Show Cause Order, and the deadline within which he was required to respond expired on May 15, 2024.  A copy of the Show Cause Order mailed to Romero at MDC was returned as undeliverable with "not in custody" stamped on the envelope.  Mail Returned as Undeliverable, Not in Custody, filed May 10, 2024 (Doc. 11).  The Court will therefore consider whether to dismiss this matter for lack of prosecution, and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to

permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy[, the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d at 1204).

Here, Romero has not provided a current address as the Order to Show Cause and D.N.M. LR-Civ. 83.6 require. In light of this failure, the Court dismisses this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious, the Court concludes that the dismissal will be without prejudice.

**IT IS ORDERED** that: (i) the Plaintiff's Complaint to Recover Damages for Injury, filed December 22, 2023 (Doc. 1-1), is dismissed without prejudice; (ii) the Motion for a Pretrial Conference, filed January 3, 2024 (Doc. 7), shall be terminated; and (iii) the Court will enter a

separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Pete R. Romero
Albuquerque, New Mexico

    *Plaintiff pro se*

Daniel J. Macke
Macke Law & Policy, LLC
Albuquerque, New Mexico

    *Attorney for the Defendant*